IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TODD JOHNSON,

                 Plaintiff,                        OPINION AND ORDER

    v.

                                                          23-cv-502-wmc

MADISON METROPOLITAN
SCHOOL DISTRICT,

                 Defendant.

---

Plaintiff Todd Johnson, who represents himself, alleges that defendant Madison Metropolitan School District ("MMSD") wrongfully terminated him from his employment as an assistant special education teacher after he failed to comply with the then-mandatory COVID-19 vaccine requirement on religious grounds in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-2(a). (Dkt. #1, at 3.) This case is scheduled for a jury trial on May 12, 2025, with a final pretrial conference ("FPTC") by telephone scheduled for May 2 at 10:00 a.m. (Dkt. #5, at ¶ 6.) This order addresses (1) a new claim of retaliation that plaintiff attempts to raise in his proposed jury instructions; and (2) the defendant's omnibus motion in limine.

OPINION

**A. Plaintiff's New Claim**

Plaintiff has requested a jury instruction on whether defendant retaliated against him in violation of Title VII for reporting religious discrimination. (Dkt. #20, at 2.) Pro se complaints are construed liberally and held to a less stringent standard than pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). Even under this

lenient standard, however, plaintiff did not assert a retaliation claim in his complaint, nor does it appear from the available record that he was terminated *after* he filed a formal employment discrimination complaint. He also made no such claim in the charge of discrimination presented to the EEOC. (Dkt. #1-8, at 2.) As a result, plaintiff's attempt to add this claim simply comes too late, and he will not be allowed to proceed with a Title VII retaliation claim in this case.

B.  Defendant's Omnibus Motion in Limine (dkt. #8)

    1.  Precluding evidence of a permanent injury – MIL #1

Defendant has filed several motions in limine to preclude plaintiff from presenting testimony or argument during the liability phase of trial as to whether he suffered a *permanent* injury as a result of the termination of his employment. In particular, plaintiff appears to have asserted in discovery that he suffered a permanent eye injury, although his complaint does not allege that he sustained an eye injury or that a pre-existing eye condition worsened due to any specific action or failure to act by defendant. The only hint of such a claim is found in an exhibit to the complaint, consisting of a letter dated March 25, 2022, confirming that plaintiff was last seen at UW Health in February 2019 for ongoing care for "traumatic glaucoma" in his left eye and stating plaintiff "feels that his care was not performed over the past year due to lack of [benefits]." (Dkt. #1-1.)

To the extent that plaintiff intends to argue that he is entitled to damages related to his eye condition, defendant seeks to preclude testimony or argument as to whether he suffered a permanent injury because plaintiff has produced no medical opinion that supports any injury, much less a permanent injury, as a result of anything defendant did

or failed to do. (Dkt. #8, at 1.)

Plaintiff has stated that he intends to call no witnesses at trial, presumably other than himself. (Dkt. #26.) He also agrees that expert testimony is required to establish the permanency of an injury, but argues that he should be entitled to offer his own testimony about "how his vision and well-being have changed" since the termination of his employment. (Dkt. #19, at 1.) A lay witness may offer testimony that is "rationally based on the witness's perception" and "not based on scientific, technical, or other specialized knowledge." Fed. R. Evid. 701. Accordingly, the defendant's motion is GRANTED IN PART and DENIED IN PART as follows: plaintiff may offer his own testimony about his alleged eye injury during any damages phase of the trial *provided* that this testimony does not exceed lay opinion under Federal Rule of Evidence 701, which would likely include plaintiff's claim of a permanent eye injury.

### 2. Precluding reference to a claim for future medical expenses – MIL #2

Defendant seeks to prohibit plaintiff from presenting testimony or argument in support of a claim for *future* medical expenses because he has neither presented expert testimony or evidence of a permanent injury nor of the anticipated cost of his future medical expenses. (Dkt. #8, at 2.) Plaintiff states that he intends to introduce evidence in the form of "medical records or other documentation that show a continuing need for care, if relevant and properly authenticated." (Dkt. #19.) However, other than a letter from UW Health regarding treatment he received for traumatic glaucoma, plaintiff has not included any medical records on his exhibit lists. (Dkt. ##14, 16, 28.) Accordingly, defendant's motion is GRANTED.

### 3. Precluding reference to any claim not supported by expert testimony – MIL #3

Noting that plaintiff's eye condition existed before his employment was terminated, defendant seeks to preclude evidence or argument regarding the issue of causation as it relates to plaintiff's claim that his eyesight was injured as a result of his employment being terminated. (Dkt. #8, at 3.) Plaintiff argues that expert testimony is not required to show causation in this case. (Dkt. #19, at 2.)

When an injury and its cause are clearly connected in some obvious way such that common experiences and observations explain the relationship, expert testimony is not required. *See Hendrickson v. Cooper*, 589 F.3d 887, 892 (7th Cir. 2009) (holding that a prisoner could testify that a guard "beat him up and that it hurt really bad"). However, "when there is no obvious origin to any injury and it has multiple etiologies, expert testimony is necessary to establish causation." *Myers v. Ill. Cent. R.R. Co.*, 629 F.3d 639, 643 (7th Cir. 2010). In such cases, "Rule 701 does not permit a lay witness to offer opinions about medical causation." *Crawford v. Davis*, 597 F. Supp. 3d 1243, 1245 (S.D. Ill. 2022).

Because the cause of plaintiff's eye injury is not connected in an obvious way to the termination of his employment, defendant's motion to preclude lay testimony about causation is GRANTED.

### 4. Precluding plaintiff and any other lay witness from offering lay medical testimony at trial – MIL #4

Defendant seeks to preclude plaintiff and any other lay witness from offering "lay medical testimony" at trial. (Dkt. #8, at 5.) Plaintiff states that he does not intend to

4

offer improper medical testimony, but may testify about "symptoms, pain, and limitations" that he personally experienced. (Dkt. #19, at 2.)

As with defendant's MIL #1, the motion is GRANTED IN PART and DENIED IN PART as follows: plaintiff may offer his own testimony about his alleged eye injury during any damages phase of the trial *provided* that this testimony does not exceed lay opinion under Federal Rule of Evidence 701.

### 5. Precluding plaintiff from offering expert testimony or causation opinions about emotional pain – MIL #5

Aside from his claim for lost wages, defendant seeks to preclude plaintiff from asserting that he suffered "emotional pain and suffering as a result of defendant's discriminatory conduct." (Dkt. #8, at 5.) Plaintiff argues that expert testimony is not needed to establish causation for emotional distress or mental suffering. (Dkt. #19, at 2.) Where emotional pain and suffering are concerned, plaintiff can testify about his own "perceptions of his physical and mental health during the relevant time period," but not about a medical diagnosis or treatment involving a complex mental health issue, which requires expert testimony. *Martinez v. Aerovias de Mexico, S.A. de C.V.*, No. 19 C 00118, 2023 WL 5748358, at *4 (N.D. Ill. Sept. 6, 2023) (citing *Saccameno v. Ocwen Loan Servicing, LLC*, No. 15 C 1164, 2018 WL 10609875, at *2 (N.D. Ill. March 20, 2018).

Therefore, defendant's motion is GRANTED IN PART and DENIED IN PART as follows: plaintiff may offer his own testimony during any damages phase of the trial *provided* that any testimony related to his pain and suffering does not exceed lay opinion under Federal Rule of Evidence 701.

6. **Precluding evidence or argument on damages (including mention of punitive damages) during the liability phase of the trial – MIL #6**

Defendant seeks to preclude plaintiff from introducing any evidence, argument, or testimony about any type of damages during the liability phase of trial. (Dkt. #8, at 6.) This includes plaintiff's claims for lost wages and benefits, physical injury, mental and emotional distress, lost future earning capacity, and any claim for punitive damages. (*Id*.)

Plaintiff acknowledges that the trial is bifurcated as to damages and states that he will comply with the court's established practice of reserving damages evidence for the appropriate phase. (Dkt. #19, at 2.) However, plaintiff also argues that he should be able to make "limited references to damages where relevant to establishing Defendant's intent or motive, subject to further instruction or ruling at trial." (*Id*.)

Defendant correctly notes that evidence about damages is not probative of whether defendant discriminated against plaintiff on the basis of his religious beliefs and would be unfairly prejudicial. (Dkt. #8, at 7.) Defendant also correctly notes that punitive damages are not available against municipalities in civil rights cases such as this one. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981). Accordingly, the defendant's motion is GRANTED. Plaintiff may not introduce evidence of damages during the liability phase and may not mention or present evidence in support of a claim for punitive damages at either phase of the trial.

7. **Precluding argument, testimony, or other evidence that plaintiff suffered physical injury or a loss of earning capacity as a result of his termination – MIL #7**

Defendant further argues that plaintiff should be precluded from claiming an injury

6

to his eyesight was a result of his termination. (Dkt. #8, at 7-8.) Plaintiff argues that he should not be barred from offering his own lay testimony regarding his symptoms or from presenting medical records that are properly authenticated. (Dkt. #19, at 3.) As discussed above, however, plaintiff has not included any medical records on his exhibit lists. (Dkt. ##14, 16, 28.) Accordingly, for reasons discussed previously in connection with MIL #2, MIL #3, and MIL #4, the defendant's motion is GRANTED IN PART and DENIED IN PART. Plaintiff may not offer lay testimony as to causation, but may testify about symptoms and pain that he personally experienced from his alleged eye injury during any damages phase of the trial *provided* that this testimony does not exceed lay opinion under Federal Rule of Evidence 701.

ORDER

IT IS ORDERED that:

1. Plaintiff Todd Johnson's implied request for leave to proceed with a new claim of retaliation (dkt. #20, at 2) is DENIED.

2. Defendant Madison Metropolitan School District's motions in limine (Dkt. #8) are GRANTED IN PART and DENIED IN PART as set forth above.

3. Either party may seek further clarification of these rulings at the FPTC on May 2, 2025.

Entered this 25th day of April, 2025.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge