IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TODD JOHNSON,

            Plaintiff,                  ORDER

   v.

                                          23-cv-502-wmc

MADISON METROPOLITAN
SCHOOL DISTRICT,

            Defendant.

---

After defendant Madison Metropolitan School District conceded liability under Title VII of the Civil Rights Act for wrongfully terminating plaintiff Todd Johnson from his job as an assistant special education teacher, a jury returned a damages verdict on May 5, 2025, finding that: (1) plaintiff had proven compensatory damages for pain and suffering arising out of that termination in the amount of $5,500.00; and (2) defendant had not proven that plaintiff failed to mitigate his damages. (Dkt. #183.) In addition, plaintiff sought back pay and benefits.[1] Thus, the court must award any equitable relief, including back pay for lost wages and benefits from the time that plaintiff was terminated in early February 2022 through the date of judgment, including prejudgment interest. 42 U.S.C. § 2000e-5(g). Since neither party provided sufficient information for the court to award more than a rough estimate of the actual award, the court will order defendant to provide an accounting and give both sides an opportunity to supplement the record.

---

[1] While plaintiff sought reinstatement at the outset of this lawsuit, (dkt. #1, at 4), he did not pursue it at trial, perhaps recognizing that, after more than three years, an order of reinstatement or additional front pay are unlikely. Accordingly, the court addresses neither in this order.

The purpose of back pay is to put the plaintiff in the same position he would have been if the discrimination had not occurred. *Harper v. Godfrey, Co.*, 45 F.3d 143, 149 (7th Cir. 1995). This calculation includes not just wages but any "benefits he would have received from the Defendant if he had not been [terminated]." 7th Cir. Pattern Civil Jury Instr. 3.11 (2017). The burden of establishing entitlement to back pay first falls to the plaintiff. *Hutchison v. Amateur Elec. Supply, Inc.*, 42 F.3d 1037, 1044 (7th Cir. 1994); 7th Cir. Pattern Jury Instr. 3.11 ("If you find that Plaintiff has proven his claim of [discrimination] by a preponderance of the evidence, you may award him as damages any lost wages and benefits he would have received from the Defendant."). "Once a plaintiff has established the amount of damages she claims resulted from her employer's conduct, the burden of going forward shifts to the defendant to show that . . . damages were in fact less than the plaintiff asserts." *Hutchison*, 42 F.3d at 1044.

Plaintiff, who represents himself, has made a good faith attempt to calculate a backpay award that includes a breakdown of wages and benefits by category for the damage period. (Dkt. #38.) However, defendant's response has been wholly inadequate to assess its accuracy beyond the submissions of a few, selective pay stubs for the period between late 2021 and early 2022. (Defendant's Trial Exhibit 509.) While plaintiff now seeks leave to supplement the record with additional information and a new calculation of his estimated lost pay and benefits, he offers no additional documentary support. (Dkt. #48, #49.) Accordingly, the court is left with the choice of estimating plaintiff's equitable damages or directing the defendant school district to make an accurate calculation of the damages due for wages, benefits and interest owed. Accordingly, the defendant is ordered

to provide an accounting of lost wages and benefits that plaintiff is entitled to as the prevailing party under Title VII from the time he was terminated in early February 2022, through May 31, 2025, including interest on both from the date owed based on the current prime rate of 4.02%.

## ORDER

IT IS ORDERED that:

1. No later than June 9, 2025, defendant Madison Metropolitan School District shall supplement the record with an accounting of lost wages and benefits owed to plaintiff Todd Johnson from February 2022 through May 5, 2025.

2. Plaintiff may have until June 19, 2025, to file any response.

3. The court RESERVES ruling on plaintiff's pending motion for leave to supplement the record (dkt. #48), pending the requested information.

Entered this 19th day of May, 2025.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge